AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Jovani ASCENCIO<br><br>Defendant(s) | ) ) ) ) ) ) ) Case No. 1:10-m-571 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 21, 2010__ in the county of __Travis__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 USC Section 846 - | Conspiring to knowingly and intentionally possess with intent to distribute five or more kilograms of cocaine |
| Title 18 USC Section 924 (c)- | Possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Kristi R. McPartlin, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/22/10

City and state: Austin, TX

*Judge's signature*
ANDREW W. AUSTIN
United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

The affiant being duly sworn does depose and state the following:

1. That I am currently employed as a Special Agent in the Bureau of Alcohol, Tobacco and Firearms (ATF) and have been so since 2002. That during this time I have conducted and participated in numerous investigations concerning the illegal possession of firearms, Federal controlled substance and conspiracy laws and the commission of violent crimes.

2. That in May of 2010 law enforcement received information that Gustavo REYES, aka "Tio", W/M, DOB- 09/08/1962 and several of REYES' associates were involved in narcotics trafficking, illegal weapons possession and the commission of armed robberies.

3. That on May 27, 2010 an undercover (UC) ATF agent met with REYES in Austin, Texas. During the course of this meeting, the UC agent explained to REYES that the UC agent picks up 10 kilograms of cocaine from a "stash" house operated by a drug trafficking organization. The UC agent stated that he had been advised that REYES committed armed robberies of drug houses and REYES confirmed this. The UC agent stated that he had decided to rob the organization members that were in possession of the cocaine at this stash house and wanted to know if REYES had ever done something like this before and if so, if he was interested in this job. REYES stated that he had done these types of robberies before and that it was not a problem for him and his associates.

4. REYES further stated to the UC ATF agent that he had numerous associates to do this robbery with and they would have guns. The UC agent stated that he (the UC agent) would be in the stash house at the time of the planned robbery and it must appear as if the UC agent had nothing to do with the robbery. REYES told the UC ATF agent that he would tie everyone up in the house with duct tape including the UC agent. It was agreed that the persons who were going to commit the armed robbery of the cocaine would split the proceeds. The UC agent advised REYES that he had seen the individuals in the stash house on previous occasions in possession of large amounts of cocaine and that the UC typically picks up and transports around 10 kilograms of cocaine. The UC agent told REYES that if he and his associates were unable or unwilling to do this to just tell the UC agent. REYES stated that he and his associates definitely wanted to do it and were ready immediately.

5. That on July 8, 2010, in furtherance of this conspiracy, REYES again met with the undercover (UC) ATF agent in Austin, Texas. At this meeting, REYES had

four additional subjects with him who were introduced to the UC as the crew that would commit the above described robbery of the narcotics "stash house". These subjects were identified as Antonio JARAMILLO, W/M, DOB-06/14/1975, aka "Tony", Roberto Loza SANCHEZ, W/M, DOB- 10/25/1990 ,aka "Robert", Gilbert BRAVO-HERNANDEZ, W/M, DOB- 10/04/1981, aka "Jorge", and Rafael NIETO-JAIMES, W/M, DOB- 02/06/1980. The UC ATF agent discussed in detail with all of these subjects the quantity of narcotics that would be present at the location of the robbery. The UC ATF agent told all of the subjects that he had been receiving 10 kilograms on previous occasions and that there would probably be more cocaine at this stash house at the time of the robbery. All of the subjects confirmed that they were willing to do this crime, had done it before and were now ready. It was agreed that the UC agent would also be tied up and beaten and that the suspects would "steal" the UC agent's vehicle as well. The UC agent told these suspects that it had to look like UC agent did not set this Robbery up because it was members of the UC agent's family inside the stash house. These suspects stated they would tie up the subjects that were inside the house. The UC agent told these subjects that the UC agent would get a rental car for them to use so they did not have to use their own vehicles. These suspects stated that they already had guns and had all done this before. The UC agent told them that the UC agent wanted "one" (kilo) from the stolen narcotics and they could have all the rest. During the conspiracy, REYES told the ATF UC that he and his associates would sell all the cocaine and give the UC monetary proceeds from the sale.

6. That on July 21, 2010, in furtherance of this conspiracy the five individuals listed above (REYES, JARAMILLO, SANCHEZ, BRAVO-HERNANDEZ, NIETO-JAIMES) with the addition of Johvany Perez MARTINEZ, W/M, DOB- 03/20/1985, and Miguel PLACIDO, W/M, DOB- 11/20/1984 met with an undercover ATF agent in Austin, Texas, for the purpose of conducting the crimes being discussed by the conspirators. All suspects acknowledged that they were going to acquire at least 10 kilograms of cocaine as the result of this robbery. The undercover ATF agent gave the suspects an opportunity to withdraw from the robbery, which they all refused. These suspects stated they had guns and the suspects and were ready to go to the location to commit this robbery. These suspects were then placed under arrest and found to be in possession of the following firearms:

- Smith & Wesson, Model 3913, 9mm pistol bearing serial # TJB8461 (loaded with one magazine containing 7 rounds)
- Beretta, Model 92FS, 9mm pistol bearing serial # L17240z (loaded with one magazine containing 13 rounds)
- Sig Sauer, Model P220, .45 caliber pistol bearing serial # G181076 (loaded with one magazine containing 7 rounds) This pistol was threaded at the end to fit a silencer.
- Springfield Armory, Model XD-9, 9mm pistol bearing serial # US8767 (loaded with one magazine containing 15 rounds)

- Norinco, Model SKS, 7.62 X 39 mm rifle bearing serial # 9225942.
- A homemade silencer which was threaded to fit the Sig Sauer pistol.

A subsequent inventory of the vehicle in which the suspects arrived at this meeting resulted in the recovery of 2 pair of gloves, one ski mask, duct tape, a small sledgehammer, and a knife which are all items that the suspects previously agreed to bring to aid in the robbery.

7. During the meeting with the ATF UC, two individuals did not show up, because they did not fit in the vehicle and they instead stayed in the hotel room where all the conspirators had waited prior to meeting with the UC agent. All of the listed suspects had been waiting in the hotel room for the UC agent to call to initiate the robbery. These two individuals who remained in the hotel were contacted and interviewed subsequent to the arrest of the other conspirators. One of these individuals was later identified as Jovani ASCENCIO, W/M, DOB- 1/21/1992.

8. A subsequent interview of ASCENCIO determined that he had previously been involved in the planning and discussion of the details of the home invasion robbery on that evening. He was aware that the seven listed above individuals were going to commit this planned robbery and ASCENCIO was waiting for their return at the hotel. ASCENCIO also admitted to holding a pistol that was lying on the bed in the hotel room prior the commission of the intended robbery.

9. That to the best of my knowledge and belief, all statements made in this affidavit are true and correct and that based on the foregoing facts, I believe probable cause exists for the issuance of arrest warrants for REYES, JARAMILLO, SANCHEZ, BRAVO-HERNANDEZ, NIETO-JAIMES, MARTINEZ, PLACIDO and ASCENCIO for conspiring to knowingly and intentionally possess with intent to distribute five or more kilograms of cocaine in violation of Title 21 USC 846 and for carrying a firearm during and in relation to a drug trafficking crime, in violation of Title 18 USC 924 (c).

_Kristi McPartlin_
Kristi McPartlin
Special Agent, ATF

Sworn to and subscribed before me this 22nd day of July, 2010.

_signature_
U. S. Magistrate Judge